## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## U. S. CABLEVISION CORP., Respondent.

### No. 553, Docket 79–4148.

United States Court of Appeals, Second Circuit.

Argued Dec. 14, 1979.

Decided Jan. 23, 1980.

Marjorie Gofreed, N. L. R. B., Washington, D. C. (Norton J. Come, Acting Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, and Ruth E. Peters, N. L. R. B., Washington, D. C., of counsel), for petitioner.

Robert P. Weintraub, Boston, Mass., Charles W. Sullivan, New York City (Deutsch, Weintraub & Glazerman, P. C. and Ira F. Jaffe, Boston, Mass. and Edwards & Angell, New York City, of counsel), for respondent.

Before MULLIGAN, OAKES and GURFEIN,* Circuit Judges.

### PER CURIAM:

The National Labor Relations Board (NLRB) has petitioned for enforcement of an order determining that respondent U.S. Cablevision Corporation has refused to bargain with the certified collective bargaining representative of its employees in violation of §§ 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(5) and (1). Cablevision acknowledges that it has refused to bargain with the certified representative, the International Brotherhood of Electrical Workers (IBEW), Local 320, but contends that the union was improperly certified because of tainted election procedures.

---

* Judge Gurfein participated in the oral argument in this case and voted before his death on December 16, 1979 to dispose of the case in the manner set forth in this opinion. He was unable to concur in the opinion itself since it was drafted after his death.

More specifically, Cablevision argues that the election should be set aside because the union designated as an official observer an employee who had not consented to be an observer for the union and who in fact was opposed to the union. Cablevision contends that this designation of the employee may have influenced other employees to support the union and may have swayed the election, which the union won by only one vote. At minimum, Cablevision requests that the Board be required to permit Cablevision to present its evidence at a hearing.

This court has said:

The conduct of representation elections is the very archetype of a purely administrative function, with no *quasi* about it, concerning which courts should not interfere save for the most glaring discrimination or abuse.

*NLRB v. Olson Bodies, Inc.*, 420 F.2d 1187, 1189 (2d Cir. 1970), *cert. denied*, 401 U.S. 954, 91 S.Ct. 966, 28 L.Ed.2d 237 (1971) (emphasis in original). Nonetheless, this court has also stated:

[D]espite this broad definition, a party is entitled to a hearing if it demonstrates by *prima facie* evidence the existence of " 'substantial and material factual issues' which, if resolved in its favor, would require the setting aside of the representation election."

*NLRB v. Hale Manufacturing Co.*, 602 F.2d 244, 248 (2d Cir. 1979) (emphasis in original).

In our view, the Board's order, even with no prior hearing, is valid and should be enforced. While we do not condone the practice of designating an employee as an election observer without his or her consent, this is not the type of practice that automatically impairs the validity of an election. The designated employee made an ample effort to counteract any inference that his designation demonstrated his support for the union. In short, we cannot say that there are any issues surrounding the designation of the unwilling employee as an observer "that would require the setting aside of the representation election," *Hale Manufacturing, supra*, if resolved in Cablevision's favor. Accordingly, the election will not be set aside and no hearing is required.

Enforcement granted.